IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                        No. CV 12-0623 JB/ACT
                                                                                                                          No. CR 09-0577 JB

JOSE EVERADO JIMENEZ-ARAGON,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on: (i) Defendant-Petitioner Jimenez-Aragon's Motion to Grant Petitioner the Newly Adopted Fast Track, filed June 6, 2012 (CIV Doc. 1; CR Doc. 29)("Motion"); and (ii) the Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A, filed June 25, 2012 (CIV Doc. 3).  Because Jimenez-Aragon contends that his sentence violates his rights under the First, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, the Clerk of the Court properly opened a civil case to accommodate possible construction of the motion as a motion under 28 U.S.C. § 2255.  The primary issues are: (i) whether the Court should recharacterize Jimenez-Aragon's Motion as a motion under 28 U.S.C. § 2255; and (ii) whether, if the Court recharacterizes the Motion and entertains the Motion, the Court should appoint Jimenez-Aragon counsel.  The Court will deny the motions.  The Court concludes that the one-year statute of limitation applicable to Jimenez-Aragon's conviction expired approximately two years ago and, therefore, reclassifying his Motion as a § 2255 motion would be futile.  Because the Court will thus deny Jimenez-Aragon's Motion and terminate this federal civil case, the Court will deny Jimenez-Aragon's request that the Court appoint him counsel.

## LAW REGARDING MODIFICATION OF SENTENCES

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Accord United States v. Christy, No. 10-1534, 2012 WL 3150352, at *4-5 (D.N.M. July 16, 2012)(Browning, J.); United States v. Padilla, No. 09-3598, 2012 WL 2175749, at *2 (D.N.M. May 31, 2012)(Browning, J.); United States v. Vigil, No. 05-2051, 2010 WL 2301708, at *3-4 (D.N.M. May 4, 2010)(Browning, J.); United States v. Myers, 375 F.Supp.2d 1293, 1296 (D.N.M. 2005)(Browning, J.). As the United States Court of Appeals for the Tenth Circuit has explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(footnote omitted)(citation omitted).[1] Rule 35 authorizes a district court to reduce or correct a sentence in certain situations. See Fed. R. Crim. P. 35. "'[S]entencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[2] Fed. R. Crim. P. 35(a).

---

[1] Congress has twice amended 18 U.S.C. § 3582, in 1996 and in 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects the Tenth Circuit's analysis.

[2] Amendments that took effect on December 1, 2009, extended the period of time in which a court

The Tenth Circuit has referred to the term sentence as meaning "the punishment imposed." United States v. Wittig, 206 F. App'x 763, 769 (10th Cir. 2006)(unpublished). "A sentence is formally imposed at the point when the district court announces it from the bench, and not at the point when the written judgment of order and commitment is entered -- meaning that Rule 35's seven-day period runs from the oral imposition of the sentence." United States v. Mendoza, 543 F.3d 1186, 1195 n.7 (10th Cir. 2008)(emphasis in original). Under subsection (b), a court may reduce a sentence for substantial assistance in certain situations "[u]pon the government's motion." Fed. R. Crim. P. 35(b).

Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Tenth Circuit has held that rule 36 "allows correction of only non-substantive errors, and does not 'give the court authority to substantially modify a Defendant's sentence.'" United States v. Lonjose, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011). The United States Court of Appeals for the Third Circuit has similarly stated: "[C]ourts and commentators are thus unanimous that Rule 36 may not be used to amend a sentence to include an additional term of imprisonment, fine, or imposition of costs." United States v. Bennett, 423 F.3d at 278. The United States Court of Appeals for the Fifth Circuit has stated that "Rule 36 [is] the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments." United States v. Spencer, 513 F.3d 490, 491 (5th Cir. 2008). The United States Court of Appeals for the Second Circuit has stated that "Rule 36 covers only minor, uncontroversial errors." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995).

---

can correct these "clear" errors from seven days to fourteen days.

>The Third Circuit has explained how rule 36 operates:
>
>While Rule 36 allows a court to correct clerical errors or errors of oversight or omission "in the record," it only allows correction of clerical errors in the judgment or order. This difference in language is important. While Rule 36 provides a broad mandate to correct a variety of errors in ancillary parts of the record -- the dates of documents, the indictment, etc. -- it provides only a strictly limited authority to correct the court's judgment or order. The judgment of a court, unlike the rest of the court's record, has legal effect; substantive changes to the judgment may normally be made only by appellate review or similar procedures.

United States v. Bennett, 423 F.3d at 278 (quoting 26 J. Moore, Moore's Federal Practice ¶ 636.02[3] (3d ed. 2005)). The Tenth Circuit has similarly stated that rule 36 permits the correction of "clerical-type errors" in a judgment. United States v. Blackwell, 81 F.3d at 948. Accord United States v. Vaughan, 119 F. App'x 227, 230 (10th Cir. 2004)(unpublished)("When a judgment and commitment order contains a clerical error, we may remand for correction.").

The Third Circuit has provided the following definition for a clerical error: "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis[3] might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)). The Fifth Circuit has stated, in an unpublished opinion, that, "[w]hile there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment." United States v. Crawley, Nos. 11-60061, 11-60065, 2012 WL 715068, at *2 (5th Cir. Mar. 6, 2012)(unpublished)(citing United States v. Spencer, 513 F.3d at 491).

---

[3]An amanuensis is "a literary or artistic assistant, in particular one who takes dictation or copies manuscripts." New Oxford American Dictionary 48 (A. Stevenson & C. Lindberg eds., 3d ed. 2010).

In <u>United States v. Blackwell</u>, the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946. In that case, the defendant, who received an initial sentence of 15 months imprisonment, moved the court for a re-sentencing, because, "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." Id. The district court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention." Id. at 947. In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35." Id.

The Tenth Circuit rejected the district court's reliance on rule 35, rule 36, and its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." <u>United States v. Blackwell</u>, 81 F.3d at 949. The Tenth Circuit concluded that rule 35(a) did not apply, "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later." Id. (discussing then rule 35(c)).[4] The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." Id.

---

[4]"Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note to 2002 amendments.

## ANALYSIS

In a Non-Standard Fast Track Plea Agreement (CR Doc. 16), Jimenez-Aragon pled guilty to a charge of re-entry of a removed alien. See 8 U.S.C. § 1326(a), (b). In 2009, the Court granted Plaintiff United States of America's motion for fast-track downward departure (CR Docs. 22, 23) and imposed a sentence of 70 months. Jimenez-Aragon's central contention is that he is entitled to, but has not received, the benefit of a later version of the "fast-track" program that was implemented in this District after he was sentenced. Cf., e.g., United States v. Morales-Chaires, 430 F.3d 1124, 1127 n.1 (10th Cir. 2005)(noting New Mexico's program in effect in 2005). He also asserts that his counsel provided ineffective assistance by failing to raise the fast-track issue in this alien reentry prosecution. For relief, Jimenez-Aragon asks the Court to vacate his plea and judgment, and to allow him to enter into a new plea agreement.

The Court may not grant relief on Jimenez-Aragon's motion. The terms of 28 U.S.C. § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, see Baker v. Sheriff of Santa Fe Cnty., 477 F.2d 118, 119 (10th Cir. 1973); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus."), and Jimenez-Aragon's pro se characterization of his claims is not dispositive, see Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d 435, 436-37 (10th Cir. 1992). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). Jimenez-Aragon contends that he is serving an illegal sentence and asks the Court to vacate the judgment. The terms of § 2255 expressly contemplate this claim: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." 18 U.S.C. § 2255(a). Jimenez-Aragon does not provide an alternative statutory

basis for the relief he seeks, cf. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997) (district court may only modify sentence pursuant to statutory authorization), and he may pursue his claims only under § 2255.

Under certain conditions, the Court could recharacterize Jimenez-Aragon's motion as a § 2255 motion. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998), quoted with approval in United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000). Here, however, because the one-year limitations period applicable to Jimenez-Aragon's conviction expired approximately two years before he filed his motion, the Court properly declines to recharacterize the motion. The Court is not required to recast a pleading as a § 2255 motion where relief "would, at least facially, 'be barred as untimely [under 28 U.S.C. § 2255 para. 6].'" United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005) (brackets in original). See United States v. Holly, 435 F. App'x 732, 735 (10th Cir. 2011); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). The Court will thus not recharacterize Jimenez-Aragon's motion.

Because the Court will not recharacterize Jimenez-Aragon's motion, thus leaving no unresolved issues in this civil proceeding, the Court will also deny Jimenez-Aragon's motion to appoint counsel.

**IT IS ORDERED** that: Defendant-Petitioner Jimenez-Aragon's Motion to Grant Petitioner the Newly Adopted Fast Track, filed June 6, 2012 (CIV Doc. 1; CR Doc. 29), and the Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A, filed June 25, 2012 (CIV Doc. 3), are denied, and this civil proceeding is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Jose Everado Jimenez-Aragon
Federal Correctional Institution
Oxford, Wisconsin

    *Plaintiff pro se*